**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST;<br>IRON WORKERS ST. LOUIS DISTRICT COUNCIL ANNUITY TRUST;<br>IRON WORKERS ST. LOUIS DISTRICT COUNCIL WELFARE PLAN; and<br>IRON WORKERS LOCAL NO. 396 OF THE INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS,<br><br>Plaintiffs,<br><br>vs.<br><br>COPPER CREEK IRONWORKS INC., a Missouri corporation,<br><br>Defendant. | ) | Case No.: 4:26-cv-1623 |

**COMPLAINT**

NOW COME the Plaintiffs, the IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST, the IRON WORKERS ST. LOUIS DISTRICT COUNCIL ANNUITY TRUST, the IRON WORKERS ST. LOUIS DISTRICT COUNCIL WELFARE PLAN (collectively, the "Trust Funds"), IRON WORKERS LOCAL NO. 396 OF THE INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS ("Local 396"), by and through their attorneys, JOHNSON & KROL, LLC, complaining of the Defendant COPPER CREEK IRONWORKS INC. ("Copper Creek"), and allege as follows:

**JURISDICTION AND VENUE**

1. This action arises under Section 502 and 515 of the Employee Retirement Income Security

Act of 1974, as amended (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145), and Section 301 of the Labor Management Relations Act of 1947 (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 185(c), 1132(e)(1), and 1145, as well as 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the Trust Funds are administered within the jurisdiction of the United States District Court for the Eastern District of Missouri, Eastern Division and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the Trust Funds' claims occurred within the jurisdiction of the United States District Court for the Eastern District of Missouri, Eastern Division.

**PARTIES**

3. The Trust Funds receive contributions from numerous employers pursuant to collective bargaining agreements ("CBAs") with the various local unions that comprise the Iron Workers St. Louis District Council, and therefore, are multiemployer benefit plans as defined by 29 U.S.C. § 1002.

4. The Trust Funds were established and are administered pursuant to the terms and provisions of their respective Agreements and Declarations of Trust ("Trust Agreements").

5. Pursuant to Sections 502(a)(3) and 515 of ERISA (29 U.S.C. §§ 1132 and 1145), the Trust Funds are authorized to bring this action on behalf of their participants and beneficiaries for the purpose of collecting unpaid contributions.

6. Local 396 is a labor organization located in St. Louis, Missouri and is part of the Iron Workers St. Louis District Council.

7. Defendant Copper Creek is a Missouri corporation with its principal place of business in

Wentzville, Missouri.

**COUNT I**
**BREACH OF THE COLLECTIVE BARGAINING AGREEMENT**

8. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-7 of this Complaint with the same force and effect as if fully set forth herein.

9. Defendant Copper Creek is an employer engaged in an industry affecting commerce.

10. Defendant Copper Creek is signatory to a Participation Agreement with the Trust Funds. (A copy of the Participation Agreement is attached hereto as **Exhibit 1**).

11. Defendant Copper Creek is also signatory to an Agreement with Local 396 (the "Local 396 Agreement"). (A copy of the Local 396 Agreement is attached hereto as **Exhibit 2**).

12. Through the Participation Agreement and the Local 396 Agreement, Defendant Copper Creek agreed to be bound by the provisions of the Trust Funds' respective Trust Agreements.

13. Through the Local 396 Agreement, Defendant Copper Creek agreed to be bound to the CBA for Local 396.

14. Pursuant to the provisions of the CBA and Trust Agreements, Defendant Copper Creek is obligated to make reports of hours worked by its covered employees and pay fringe benefit contributions and wage deductions to Plaintiffs at the negotiated rates on not less than a monthly basis.

15. Pursuant to the Trust Agreements, the Trustees of the Trust Funds adopted an Audit and Collection Policy and Procedures ("Collection Policy"), which governs the collection of employer contributions and the performance of payroll compliance audits.

16. Pursuant to Section 502(g)(2) of ERISA, the CBA, the Trust Agreements, and the Collection Policy, employers that fail to submit their monthly contribution reports and/or

contribution payments to the Trust Funds by the fifteenth (15th) day (or the next business day thereof) of the month immediately following the month in which the work was performed, a one-time charge of ten percent (10%) ("liquidated damages") is assessed against all delinquent contributions and interest accrues at the rate of one and a half percent (1.5%) per month from the original due date until the contributions are paid in full.

17. Pursuant to Section 502(g)(2) of ERISA, the CBA, the Trust Agreements, and the Collection Policy, employers who fail to submit their contribution reports and/or contribution payments to the Trust Funds in a timely manner are also responsible for the payment of reasonable attorneys' fees and costs associated with collecting the delinquent contributions.

18. Defendant Copper Creek failed to timely remit payment of contributions to the Trust Funds for the work months of March 2022, February 2023, May 2023, September 2023 through December 2023, February 2024, April 2024 through June 2024, August 2024 through May 2026.

19. As a result of its failure to timely remit payment of contributions to the Trust Funds for the work months of March 2022, February 2023, May 2023, September 2023 through December 2023, February 2024, April 2024 through June 2024, August 2024 through May 2026, Defendant Copper Creek owes the Trust Funds $41,127.68 in liquidated damages and $14,484.85 in interest.

20. Defendant Copper Creek has failed to submit its contribution reports for the work ending date June 2, 2026, through present and therefore owes Plaintiffs contributions, wage deductions, liquidated damages and interest in an unknown amount.

21. Pursuant to the CBA, Trust Agreements, and the Audit and Collection Policy, the Trust

Funds' payroll compliance auditor conducted an audit of Defendant Copper Creek's books and records for the period of April 1, 2022, through July 31, 2025, for work performed within the trade and territorial jurisdiction of Local 396 (the "Audit").

22. The Audit revealed that Defendant Copper Creek owed the Trust Funds $1,004.70 in contributions, $100.47 in liquidated damages, and $55.32 in interest.

23. Defendant Copper Creek paid the contributions owed pursuant to the Audit but failed to pay the $100.47 in liquidated damages and the $55.32 in interest.

24. Defendant Copper Creek has a continuing obligation to pay contributions to the Trust Funds and, as a result, additional monies may be owed.

25. Plaintiffs have been required to employ the undersigned counsel to collect the monies that are due and owing from Defendant Copper Creek.

26. Defendant Copper Creek is obligated to pay the reasonable attorneys' fees and court costs incurred by the Trust Funds pursuant to the CBA, Trust Agreements, Collection Policy, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request that:

A. Judgment be entered in favor of Plaintiffs and against Defendant Copper Creek in the aggregate amount of $55,768.35, itemized below:

   i. $41,127.68 in liquidated damages for the work months of March 2022, February 2023, May 2023, September 2023 through December 2023, February 2024, April 2024 through June 2024, August 2024 through May 2026;

   ii. $14,484.85 in interest for the work months of March 2022, February 2023, May 2023, September 2023 through December 2023, February 2024, April 2024 through June 2024, August 2024 through May 2026;

iii. $100.47 in liquidated damages pursuant to the Audit; and

iv. $55.32 in interest pursuant to the Audit.

B. Defendant Copper Creek be ordered to submit its contribution reports for work ending dates June 2, 2026, through present;

C. Judgment be entered in favor of Plaintiffs and against Defendant Copper Creek in an unknown amount for any and all contributions and wage deductions revealed to be due and owing by Defendant Copper Creek's contribution reports for June 2, 2026, through present, along with the resulting liquidated damages and interest;

D. Judgment be entered in favor of Plaintiffs and against Defendant Copper Creek for any other contributions, wage deductions, liquidated damages, and/or interest found to be due and owing in addition to those referenced in Paragraphs A and C above;

E. Defendant Copper Creek be ordered to pay the reasonable attorneys' fees and costs incurred by the Trust Funds pursuant to the CBA, Trust Agreements, Collection Policy, and 29 U.S.C. § 1132(g)(2)(D); and

F. Plaintiffs have such other and further relief as the Court may deem just and equitable all at Defendant Copper Creek's cost pursuant to 29 U.S.C. § 1132(g)(2)(E).

Respectfully Submitted,

**IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST *et al.***

/s/ Adam Y. Decker
Adam Y. Decker
Bar No. 3640753IN
JOHNSON & KROL, LLC
11611 N. Meridian Street, Suite 310
Carmel, Indiana 46032
Phone: (317) 754-8720

Facsimile: (312) 255-0449
decker@johnsonkrol.com

*One of Plaintiffs' Attorneys*